Hugh R. Coffin, CSBN 41293
Singer & Coffin, A Professional Corporation
30 Corporate Park, Ste. 300
Irvine, CA 92606
(949) 863-1224
(949) 863-1179 FAX

Attorneys for Defendant,
 AFTRA-SAG Federal Credit Union

UNITED STATES DISTRICT COURT, CALIFORNIA

CENTRAL DISTRICT/WESTERN DIVISION

| | |
|---|---|
| EILEEN WILLIAMS a.k.a. ERIKA LEWIS<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY GEITHNER (U.S. DEPARTMENT OF THE TREASURY); AFTRA-SAG FEDERAL CREDIT UNION<br><br>Defendants. | CASE NO.  CV 09-01955 DDP (VBKx)<br><br>AFTRA-SAG FEDERAL CREDIT UNION'S ANSWER TO COMPLAINT IN EQUITY<br><br>Judge: Honorable Dean D. Pregerson<br>Courtroom:   3-2nd Floor<br>Complaint Filed: March 23, 2008 |

Defendant, AFTRA-SAG Federal Credit Union, a federally chartered credit union doing business in the State of California ("Credit Union"), severing itself from all other defendants in this action, answers the Complaint in Equity ("Complaint") filed by plaintiff, Eileen Williams a.k.a. Erika Lewis ("Plaintiff").  The Complaint filed by Plaintiff does not comply with Local Rule 11-3.1.1on type face size, does not comply with Local Rule 11-3.2 in that the pages are not numbered in the left margin which may not be more than 28 lines per page and the paragraphs are not number which makes responding to specific paragraphs by paragraph number impossible but a response can

be made to each "section" as alleged in Plaintiff's Complaint. Credit Union answers the Complaint by Plaintiff as follows, with foregoing restrictions in mind:

1. Answering the paragraph entitled "COMPLAINT", Credit Union lacks sufficient information and belief as to the truth of the allegations contained in that paragraph and, based upon its lack of information and belief, denies each and every allegation contained in the paragraph entitled "COMPLAINT."

2. Answering the paragraph entitled "JURISDICTION", Credit Union lacks sufficient information and belief as to the truth of the allegations contained in that paragraph and, based upon its lack of information and belief, denies each and every allegation contained in the paragraph entitled "JURISDICTION."

3. Answering the paragraph entitled "PARTIES", Credit Union admits the allegations contained in the paragraph entitled "PARTIES."

4. Answering the section entitled "FACTS", the initial "WHEREAS", the second, third, fourth, fifth and sixth "WHEREAS" paragraphs or sections the Credit Union lack sufficient information and belief as to the truth of the allegations contained in the specified paragraphs or sections and, based upon its lack of information and belief, denies each and every allegation contained in the section of the Complaint entitled "FACTS" and each and every "WHEREAS" paragraph or section as alleged therein.

5. Answering the paragraph entitled "REMEDY", Credit Union denies the allegations contained in the paragraph entitled "REMEDY."

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Facts Sufficient to Constitute a Claim for Relief)**

6. The Complaint and each claim for relief alleged therein fails to state facts sufficient to constitute a claim for relief against Credit Union.

**SECOND AFFIRMATIVE DEFENSE**

**(Credit Union Immune from Liability)**

7. Credit Union is a federally chartered credit union doing business in the

State of California. Plaintiff is a member of Credit Union Plaintiff had an account at Credit Union at the times relevant to the Complaint on filed herein.

8. On or about December 12, 2008, Credit Union was served with a good and valid Notice of Levy issued by the Secretary of the Treasury, the Internal Revenue Service, to surrender property owned by Plaintiff in the care, custody or control of Credit Union that was subject to levy. The Credit Union complied with all procedural requirements with respect to a Notice of Levy including providing notice of service of the Notice of Levy to Plaintiff.

9. The Credit Union was served with no order or other legal proceedings to preclude it from honoring the levy from the Internal Revenue Service on funds of Plaintiff in one or more accounts at the Credit Union.

10. On or about January 2, 2009, Credit Union withdrew $276.00 from the share account of Plaintiff held at Credit Union and transferred those funds to the United States Treasury pursuant to the Notice of Levy.

11. Section 6332 of the Internal Revenue Code (26 USCA §6332), subsection (e) pertains to financial institutions, and other, who are served with a levy from the Internal Revenue Service, which subsection reads:

> "**(e) Effect of honoring levy.– Any person in possession of** (or obligated with respect to) **property** or rights to property **subject to levy upon which a levy has been made who**, upon demand by the Secretary, **surrenders such property** or rights to property (or discharges such obligation) **to the Secretary** (or who pays a liability under subsection (d)(1)) **shall be discharged from any obligation or liability to the delinquent taxpayer** and any other person with respect to such property or rights to property arising from such surrender or payment [emphasis added]."

12. Pursuant to said section, Credit Union is immune from liability to Plaintiff in this action.

////

### THIRD AFFIRMATIVE DEFENSE
### (Privilege/Justifications)

13. All acts taken by Credit Union in these proceedings were privileged or justified.

### FOURTH AFFIRMATIVE DEFENSE
### (Justifiable Conduct)

14. All conduct of Credit Union as alleged in Plaintiff's Complaint was just and reasonable as against Plaintiff thereby denying Plaintiff recovery against Credit Union.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure of Service)

15. The Plaintiff attempted to serve Credit Union with a Summons and Complaint in this action by registered mail. Said attempted service is ineffective as against Credit Union.

### SIXTH AFFIRMATIVE DEFENSE
### (Plaintiff Vexatious Litigant)

16. Credit Union is informed and believes and thereon alleges that Plaintiff filed an action is this court entitled <u>Eileen Williams aka Erika Lewis vs. Arnold Schwarzenegger, etc et al</u>, Case No. CV 07 2620 SVW (CTx) (the "<u>Schwarzenegger</u> case") challenging a levy by the California Franchise Tax Board.

17. In the <u>Schwarzenegger</u> case, the Governor of the State of California and employees of the Franchise Tax Board of the State of California, filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6) which motion was granted with leave to amend.

18. Credit Union is informed and believes and thereon alleges that Plaintiff in the <u>Schwarzenegger</u> case failed to file an amended complaint as was permitted by the court's order and her case was dismissed.

19. Credit Union is informed and believes and thereon alleges that based upon Plaintiff's prior lawsuit which was essentially the same as this action - except there against the State of California versus the Franchise Tax Board - that Plaintiff knows full well that there is no legal or other basis for pursuing her Complaint against Credit Union and Plaintiff should be determined and declared to be a vexatious litigant

WHEREFORE, Credit Union prays judgment as follows:

1. That Plaintiff take nothing by her Complaint; and

2. That judgment be entered in favor of Credit Union establishing the Credit Union is immune from liability for honoring the Notice of Levy served on it by the Internal Revenue Service; and

3. That Plaintiff be declared a vexatious litigant; and

4. That Credit Union recover its attorneys' fees and costs in this action which is unjustified and constitutes vexatious litigation.

Dated: April 17, 2009

SINGER & COFFIN, APC

By: _____
Hugh R. Coffin
Attorneys for Defendant,
AFTRA-SAG Federal Credit Union