```
THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
DANIEL LAYTON (SBN 240763)
Assistant United States Attorney
   Room 7211, Federal Building
   300 North Los Angeles Street
   Los Angeles, California  90012
   Telephone:  (213) 894-6165
   Facsimile:  (213) 894-0115
   Email: Daniel.Layton@usdoj.gov
Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EILEEN WILLIAMS a.k.a. ERIKA LEWIS,<br><br>              Plaintiff,<br><br>  vs.<br><br>TIMOTHY GEITHNER (U.S. DEPARTMENT OF THE TREASURY), et al.,<br><br>              Defendants. | Case No. CV 09-1955 DDP (VBKx)<br><br>NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Plaintiff Pro Se<br>[Exempt from Local Rule 7.3]<br><br>Hearing: Hon. Dean D. Pregerson<br>June 15, 2009, 10:00 a.m.<br>Courtroom 3<br>213 N. Spring St.<br>Los Angeles, CA 90012 |

PLEASE TAKE NOTICE that the United States and its employee Timothy Geithner, will and hereby does move to dismiss plaintiff's Complaint against Timothy Geithner (U.S. Department of the Treasury). The motion will come before the honorable Court on June 15, 2009, at 10:00 a.m., in Courtroom 3 of the U.S. Courthouse, 213 N. Spring St., Los Angeles, California, or at a time set by the Court. This motion is supported by the attached memorandum of points and authorities.

PLEASE TAKE NOTICE that the government, pursuant to Rules

1

12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves the Court for an order dismissing the above-captioned action against the Federal Defendants because the Court lack subject-matter jurisdiction to hear the claims, the Complaint fails to state a claim upon which relief can be granted, and the Court lacks personal jurisdiction over Timothy Geithner and the United States.

<u>Plaintiff is pro se.</u>

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

I.  INTRODUCTION

On or about March 28, 2008, plaintiff filed her Complaint against Timothy Geithner (U.S. Department of the Treasury). In the Complaint, plaintiff makes several allegations against the the Internal Revenue Service and the U.S. Department of the Treasury, but does not make any specific allegations that support naming Timothy Geithner in any personal capacity. Timothy Geithner is the current United States Secretary of the Treasury, and was apparently named in the caption of the complaint in order to include the U.S. Department of the Treasury as a party. Therefore, the complaint should be read as an action against the United States.[1] Accordingly, the U.S. Department of the Treasury, Internal Revenue Service, and Timothy Geithner, are referred to herein as **"the government," "the United States,"** or **"the Federal Defendant."**

Plaintiff, in the Complaint, seeks declaratory and injunctive relief from the Court in the form of an order for

---

[1] See <u>Balser v. DOJ</u>, 327 F.3d 903, 907 (9th Cir. 2003); <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458-59 (9th Cir. 1985).

defendants to cease further contact with plaintiff, dissolve an I.R.S. tax lien, and a declaratory judgment with respect to her constitutional rights. Plaintiff also seeks damages in the amount of $10 million and punitive damages in the same amount. Plaintiff's Complaint fails to establish that the District Court has subject-mater jurisdiction to hear plaintiff's claims, fails to state a claim upon which relief can be granted, and fails to establish that the District Court has personal jurisdiction over the government. For these reasons, and the reasons set forth herein, the Complaint against the government should be dismissed.

II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

In summary, plaintiff's Complaint alleges the following with respect to the government:

1. That plaintiff is abstaining from "participating in the voluntary contract called the Income Tax System." See Complaint, Facts.

2. The I.R.S. has unlawfully applied a tax lien and garnishment against plaintiff, and various constitutional rights have been violated by the United States in the collection of taxes. See Complaint, Facts.

Plaintiff's Complaint requests the following relief:

1. Declaratory and injunctive relief from the Court in the form of an order for defendants to cease further contact with plaintiff, dissolve an I.R.S. tax lien, and a declaratory judgment with respect to her constitutional rights. See Complaint, Remedy.

3. Compensatory damages of $10 million and punitive damages of $10 million. See Complaint, Remedy.

ARGUMENT

1. <u>Plaintiff's Complaint Fails to Establish Jurisdiction.</u>

The government has not waived its sovereign immunity to be sued in the manner alleged by plaintiff.[2] Plaintiff must establish an "unequivocally expressed waiver of sovereign immunity" in order to sue the government.[3] Further, plaintiff must clearly set forth the statutory or other basis for the exercise of jurisdiction by the district court.[4] Plaintiff has not done so here.

In the Jurisdiction section of the Complaint, plaintiff cites 8 U.S.C. § 1503(a). This section clearly does not apply to this case because it provides for a proceeding for a judgment to declare a person a national of the United States. It is not apparent to the government why plaintiff would cite reliance on this statute, but it does not provide for jurisdiction of this Court over a suit with respect to the I.R.S. or U.S. Treasury in the manner relied upon by plaintiff.

Plaintiff also cites to 28 U.S.C. §§ 1343(a)(3) and (a)(4) and 1331, and the Fifth Amendment. Title 28 U.S.C. §§ 1343(a)(3) and (a)(4) provide for district court jurisdiction:

> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for

---

[2] See <u>Gilbert</u>, 756 F.2d at 1458.

[3] <u>Dunn & Black, P.S. v. United States</u>, 492 F.3d 1084, 1088 (9th Cir. 2007).

[4] <u>See</u> Local Rule 8-1.

4

equal rights of citizens or of all persons within the jurisdiction of the United States; and

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

However, section 1343 is a merely statute of general jurisdiction that does not constitute a waiver of statutory immunity.[5] Similarly, plaintiff may not rely on the Fifth amendment[6] and 28 U.S.C. § 1331, another general jurisdictional statute, as authority for a waiver of sovereign immunity.[7] The United States has not waived sovereign immunity for claims with respect to constitutional violations.[8]

Plaintiff cites to 42 U.S.C. § 1983 in the Jurisdiction section of her Complaint. However, "[i]n order to find a violation of § 1983, a district court must find that the defendants acted 'under color of state law' and deprived plaintiffs of their rights under federal law."[9] In order for a Federal official to be liable under this section, he would have to be found to have "acted in concert with state officials to

---

[5] See Hughes v. United States, 953 F.2d 531, 539 n.5 (9th Cir. 1992); Gilbert, 756 F.2d at 1458

[6] Furthermore, "[i]t is well established that Congress's general exercise of its taxing power does not violate the Fifth Amendment's prohibition on takings without just compensation." Maisano v. United States, 908, F.2d 408, 409 (9th Cir. 1990).

[7] See Gilbert, 756 F.2d at 1459; Califano v. Sanders, 430 U.S. 99, 105 (1977).

[8] Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991); Thomas-lazear v. Federal Bureau of Investigation, 851 F.2d 1202, 1207 (9th Cir. 1988)

[9] Cabrera v. Martin, 973 F.2d 735, 741 (9th Cir. 1992).

some substantial degree."[10]  Plaintiff has not alleged the involvement of any state official, much less that defendant acted in concert with a state official.  Therefore, the basis for waiver of statutory immunity has not been pled nor does such basis exist in this case.

Plaintiff, also relies upon 28 U.S.C. §§ 2201 and 2202 for jurisdiction.  Section 2201 applies where there is an "actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986...."[11]  Because plaintiff's Complaint is brought with respect to taxes, and plaintiff has not brought an action under section 7428 (declaratory judgments relating to status and classification of organizations under section 501(c)(3), etc.), 28 U.S.C. § 2201 does not apply.  Title 28 U.S.C. § 2202 similarly does not apply, as it only allows for further relief based upon an action under section 2201.

Finally, plaintiff asserts that jurisdiction is maintained "based upon the ancient 'Doctrine of Renvoi' and 'lex loci contractus'; 'lex fori'; 'lex causae'; 'lex loci pacti'."  These concepts refer to various ways to resolve a conflict of laws between two nations (which are generally referred to as states under international usage).  Much like 8 U.S.C. 1503, there is nothing in the Complaint to imply such a concept would apply in this case.  Nonetheless, these are not statutes that apply to obtain a waiver of sovereign immunity and jurisdiction.

---

[10] Id. At 742.

[11] 28 U.S.C. § 2201(a).

6

Because plaintiff fails to state any basis for jurisdiction of this court and there is no waiver of statutory immunity, the complaint must be dismissed for lack of jurisdiction.

2. <u>Plaintiff's Complaint Fails to State a Claim.</u>

Plaintiff fails to allege an actionable statutory basis to sue the government. In the Complaint, plaintiff alleges that the I.R.S. has unlawfully applied a tax lien and garnishment, thereby harming her and violating various constitutional rights. See Complaint, Facts. The various paragraphs contained in the Facts section of the Complaint amount to little more than the application of new and creative adjectives to describe the alleged nature of this allegation against the government, describing the collection activity as "illegal," "fraudulent," "malicious,"egregious," "deceptive," and so on. As remedy to this alleged conduct, plaintiff requests declaratory and injunctive relief, and monetary relief.

As discussed above, the United States has not waived sovereign immunity for claims with respect to constitutional violations and plaintiff may not seek monetary relief on this basis.[12] Also, the declaratory relief sought by plaintiff is not available in this action regarding the collection of taxes under the terms of 28 U.S.C. §§ 2201 and 2202.[13] Additionally, the terms of 26 U.S.C. 7421(a), the Anti-Injunction Act, provides that, with limited exceptions, "no suit for the purpose of

---

[12]<u>Rivera v. United States</u>, 924 F.2d 948, 951 (9th Cir. 1991); <u>Thomas-lazear v. Federal Bureau of Investigation</u>, 851 F.2d 1202, 1207 (9th Cir. 1988).

[13]<u>Hughes v. United States</u>, 953 F.2d 531, 536-37 (9th Cir. 1991).

7

restraining the assessment or collection of any tax shall be maintained in any court by any person...." The relief requested is not based upon any of the limited exceptions contained in that statute (including innocent spouse relief, collections due process hearings, and wrongful levy actions brought by third parties). Therefore, plaintiff's Complaint fails to make a claim upon which relief can be granted.

Lastly, plaintiff's only discernable factual basis in support of her claim for relief is that she provided to the government "Constructive Notice" that she intended to "[a]bstain from the voluntary contract called the Income Tax System." That plaintiff can opt out of Federal taxation because it is "voluntary," consensual, or contractual is a frivolous assertion that has been consistently rejected by the Federal courts.[14] "Payment of taxes is not voluntary."[15]

Accordingly, plaintiff has failed to state a claim and the Complaint should be dismissed.

3. <u>Plaintiff Has Not Properly Served the Government.</u>

Plaintiff has not properly served the United States. Rule 4(i)(1) of the Federal Rules of Civil Procedure provides that service upon the United States shall be effected by (A)

---

[14] See <u>Mclaughlin v. Unites States</u>, 832 F.2d 986, 987 (7th Cir. 1987)("The notion that the federalincom tax is contractual or otherwise consensual in nature is not only utterly without foundation but... has repeatedly been rejected by the courts.")(citing <u>Newman v. Schiff</u>, 778 F.2d 460, 467 (8th Cir. 1985); <u>United States v. Drefke</u>, 707 F.2d 978, 981 (8th Cir), cert. Denied sub nom., <u>Jameson v. United States</u>, 464 U.S. 942 (1983)).

[15] <u>Wilcox v. Commissioner</u>, 848 F.2d 1007, 1008 (9th Cir. 1988)(citing <u>Carter v. Commissioner</u>, 784 F.2d 1006, 1009 (9th Cir. 1986).

8

delivering a copy of the summons and Complaint to the United States attorney for the district in which the action is brought, or to an Assistant U.S. Attorney or clerical employee designated by the United States attorney, or by sending the documents to the civil-process clerk at the U.S. attorney's office; (B) sending copies of the summons and Complaint to the Attorney General; and (C) by sending a copy of each by certified mail to the agency whose order is challenged (in this case, the I.R.S.).[16]

Currently, counsel for the United States is only aware of service by mail to the Attorney General. Plaintiff must also serve the summons and Complaint upon the U.S. Attorney for the proper district and the Internal Revenue Service.

III. CONCLUSION

For the reasons stated herein, this Court should dismiss the Complaint against the Federal defendants because the action fails to state a claim and fails to establish that the district court has subject-matter jurisdiction or personal jurisdiction.

Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

DATED: 5/8/2009

_____
DANIEL LAYTON
Assistant United States Attorney
Attorneys for United States of America

---

[16] The plaintiff would also have to comply with Rule 4(e) if she wished to sue an officer or employee of the government in his individual capacity for duties performed in the course of employment. FRCP 4(i)(3).

## PROOF OF SERVICE BY MAILING

I am over the age of 18 and not a party to the within action. I am employed by the Office of the United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7211, Los Angeles, California 90012. On **May 8, 2009**, I served

Notice of Motion and Motion to Dismiss Complaint; Supporting Memorandum of Points and Authorities

on each person or entity name below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid as shown in the Service list. SEE ATTACHED.

Date of mailing: **May 8, 2009.**

Place of mailing: Los Angeles, California

I declare under penalty of perjury under the laws of the United States of America that the foregoing if true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: **May 8, 2009,** Los Angeles, California.

MARIA-LUISA Q. BULLARD

EILEEN WILLIAMS AKA ERICA WILLIAMS V. TIMOTHY GEITHNER
CV 09-1955 DDP(VBKx)


SERVICE LIST :


Hugh R. Coffin
Singer & Coffin
30 Corporate Park
Suite 300
Irvine, CA 92606

Eileen Williams
12955 Riverside Drive
Unit 308
Sherman Oaks, CA 91423