1

2

3                                                        **O**

4
                                                    JS - 6
5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   EILEEN WILLIAMS,              )  Case No. CV 09-01955 DDP (VBKx)
                                   )
12            Plaintiff,           )
                                   )  **ORDER GRANTING MOTIONS TO DISMISS**
13       v.                        )  **AND FOR SUMMARY JUDGMENT**
                                   )
14   TIMOTHY GEITHNER (U.S.        )
     DEPARTMENT OF THE TREASURY);  )  [Motions filed on May 8 and May
15   AFTRA-SAG FEDERAL CREDIT      )  14, 2009]
     UNION,                        )
16                                 )
              Defendants.          )
17   _____)

18

19   **I.    GENERAL BACKGROUND**

20        Pro se Plaintiff Eileen Williams brings this action against

21   Defendants Timothy Geithner of the U.S. Department of the Treasury,

22   the U.S. Department of the Treasury, and AFTRA-SAG Federal Credit

23   Union.  Plaintiff's complaint is not easy to comprehend or entirely

24   coherent.  The only factual allegations made in Plaintiff's

25   complaint are that Defendants have "attempted to injure the

26   complaining party by applying an unlawful 'Tax Lien' and

27   garnishment against [her] in an illegal and fraudulent manner"; and

28   that Plaintiff intends to "[a]bstain from participating in the

1  voluntary contract called the Income Tax System." (Compl. 4.)

2  Plaintiff further alleges that the Internal Revenue Service ("IRS")

3  has been "grossly negligent by ignoring lawful 'constructive

4  notices' as well as 'general denials' that [their] egregious and

5  deceptive actions [and] behavior constitutes fraud and malfeasance

6  at the highest levels." (Compl. 6.)  Plaintiff also appears to

7  state a claim under 42 U.S.C. § 1983 for unnamed constitutional

8  violations, as well as violation of the Fifth Amendment.  The

9  remedies Plaintiff seeks are to have the tax lien against her

10  dissolved, a declaratory judgment as to her constitutional rights,

11  an injunction against Defendants restraining them from future

12  contact with her, and compensatory and punitive damages totaling

13  $20 million.

14      The government has filed a motion to dismiss, and AFTRA-SAG

15  has filed a motion for summary judgment.

16  **II.   MOTION TO DISMISS - DEFENDANTS TIMOTHY GEITHNER AND THE U.S.**

17      **DEPARTMENT OF THE TREASURY**

18      A.   Legal Standard - Rules 12(b)(1) and 12(b)(6)[1]

19      Under Rule 12(b)(1), a complaint may be dismissed for lack of

20  subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  When

21  considering a Rule 12(b)(1) motion challenging the substance of

22  jurisdictional allegations, the court may look beyond the

23  complaint.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

24  However, a court may not resolve "genuinely disputed facts where

25

26      [1] Defendants move for dismissal under several subsections of
27  Rule 12.  As described more fully below, the Court disposes of this
   matter based on subsections (b)(1) and (6); and, accordingly, the
28  Court will only describe the legal standard applicable to these
   rules.

1  the question of jurisdiction is dependent on the resolution of
2  factual issues going to the merits." <u>Roberts v. Corrothers</u>, 812
3  F.2d 1173, 1177 (9th Cir. 1987) (internal citation omitted).  Where
4  jurisdiction is "intertwined with the merits," the court must
5  "assume the truth of the allegations in the complaint . . . unless
6  controverted by undisputed facts in the record." <u>White</u>, 227 F.3d
7  at 1242.

8      Under Rule 12(b)(6), a complaint is dismissed when a
9  plaintiff's allegations fail to state a claim upon which relief can
10 be granted.  Fed. R. Civ. P. 12(b)(6).  When considering a 12(b)(6)
11 motion, all allegations of material fact are accepted as true and
12 should be construed in the light most favorable to the plaintiff.
13 <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  A court
14 properly dismisses a complaint under Rule 12(b)(6), based upon the
15 "lack of a cognizable legal theory or the absence of sufficient
16 facts alleged under a cognizable legal theory." <u>Balisteri v.</u>
17 <u>Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).  The
18 plaintiff's obligation requires more than "labels and conclusions"
19 or a "formulaic recitation of the elements of a cause of action."
20 <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  However,
21 the complaint must state "only enough facts to state a claim to
22 relief that is plausible on its face." <u>Id.</u> at 570.  "[A] well-
23 pleaded complaint may proceed even if it appears 'that a recovery
24 is very remote and unlikely.'" <u>Id.</u> at 1964 (quoting <u>Scheuer v.</u>
25 <u>Rhodes</u>, 416 U.S. 232, 236 (1974)).

26     B.   <u>Discussion - Sovereign Immunity and Jurisdiction</u>
27     Although Defendant's suit is against both Timothy Geithner as
28 an official and the U.S. Department Treasury, a suit against a U.S.

3

1   government employee in his official capacity is "essentially a suit

2   against the United States." Gilbert v. DaGrossa, 756 F.2d 1455,

3   1458 (9th Cir. 1985).  Because the United States is a sovereign, it

4   may not be sued in federal court without its consent.  United

5   States v. Testan, 424 U.S. 392, 399 (1976).  Therefore, in the

6   present case, federal jurisdiction is dependent on two

7   prerequisites:  (1) a waiver of sovereign immunity, and (2)

8   statutory authority granting subject matter jurisdiction over

9   Plaintiff's claims.  E.J. Friedman Co., Inc. v. United States, 6

10  F.3d 1355, 1357 (9th Cir. 1993); Arford v. United States, 934 F.2d

11  229, 231 (9th Cir. 1991).  As the claimant, Plaintiff bears the

12  burden of showing "an unequivocal waiver of immunity." Baker v.

13  United States, 817 F.2d 560, 562 (9th Cir. 1987).

14       First, Plaintiff cites to 8 U.S.C. § 1503(a).  (Compl. 2.)

15  This provision allows a plaintiff who has been denied rights or

16  privileges due to him as a national of the United States to seek a

17  judgment declaring that he is a national of the United States, and

18  gives district courts jurisdiction to issue such judgments. 8

19  U.S.C. § 1503(a).  This provision does not authorize jurisdiction

20  in this case, because there is no issue as to Plaintiff's status as

21  a national of the United States and Plaintiff concedes U.S.

22  citizenship.[2]

23       Next, Plaintiff asserts jurisdiction under a variety of

24  statutes - 28 U.S.C. §§ 1343(a)(3)-(4), 42 U.S.C. § 1983, and 28

25  U.S.C. § 1331.  (Compl. 2.)  As §§ 1331 and 1343 are general

26

27         [2] Plaintiff repeatedly asserts in her complaint and briefing
28  that she has a different or higher status than that of a national
    of the United States.  These allegations are frivolous.

4

jurisdictional statutes, they cannot provide a basis for waiver of sovereign immunity.  See Hughes v. United States, 953 F.2d 531, 539 n.5 (9th Cir. 1992).   Under § 1983, federal officials can be held liable only if they "have conspired with or acted in concert with state officials to some substantial degree." Cabrera v. Martin, 973 F.2d 735, 741 (9th Cir. 1992).  But Plaintiff does not allege in her complaint that Defendants have conspired with or acted in concert with any state officials, and thus § 1983 does not apply and cannot serve as a basis of jurisdiction.

Next, Plaintiff indicates a violation of the Fifth Amendment, but seeks damages based on this violation.  The United States has not waived sovereign immunity as to actions seeking monetary damages for violations of constitutional rights.  Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991); Thomas-Lazear v. Federal Bureau of Investigation, 851 F.2d 1202, 1207 (9th Cir. 1988). Furthermore, under the Tax Anti-Injunction Act, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person," with limited exceptions.[3]  26 U.S.C. § 7421(a).  Plaintiff's claims for injunctive relief expressly have the purpose of restraining the collection of taxes, and Plaintiff does not allege or argue that any statutory exceptions apply.

---

[3] The exceptions are "provided by [26 U.S.C. §§] 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), and 7426(a) and (b)(1), 7429(b), and 7436." 26 U.S.C. § 7421(a). The Court agrees with the Government that none of these exceptions apply. (Mot. to Dismiss 8.) Plaintiff has not alleged, either in her Complaint or in her reply briefs, that any of these exceptions apply.

1      Plaintiff also claims jurisdiction under 28 U.S.C. §§ 2201 and

2  2202, and asks this Court to issue a declaratory judgment.  (Compl.

3  2.)  Section 2201 allows district courts to issue declaratory

4  judgments in all civil actions "except with respect to Federal

5  taxes," with a limited exception for actions brought under 26

6  U.S.C. § 7428 (declaratory judgments relating to the status and

7  classification of organizations under 26 U.S.C. § 501(c)(3)).  See

8  28 U.S.C. § 2201.  Section 2202 only authorizes further relief

9  based upon an action under § 2201.  See 28 U.S.C. § 2202.  However,

10 Plaintiff's claims are based on federal taxes,[4] and the limited

11 exception under § 2201 does not apply to this claim.  Therefore,

12 this Court does not have jurisdiction to issue a declaratory

13 judgment under §§ 2201 and 2202.

14      Finally, Plaintiff claims jurisdiction under the "Conflict of

15 Laws," the "Doctrine of Renvoi," "lex loci contractus," "lex fori,"

16 "lex causae," and "lex loci pacti." (Compl. 2.)  These are various

17 doctrines and concepts relating to conflicts of law and choice of

18 law in the private international law context.  Nothing in

19 Plaintiff's complaint raises issues of international law.

20 Therefore, none of these doctrines or concepts apply to this case,

21 and they do not provide a basis for jurisdiction or waiver of

22 sovereign immunity.

23

24

25

---

26      [4] Plaintiff argues that her claim is not about taxes, but
   instead is about her constitutional rights and that her claim
27 merely happens to "manifest" as a "tax issue."  In other words,
   Plaintiff essentially concedes her legal claim is based on
28 taxation.

1   In sum, this Court lacks jurisdiction to hear Plaintiff's

2   complaint, because Plaintiff has not provided a basis for

3   jurisdiction or waiver of sovereign immunity.

4   **III. MOTION FOR SUMMARY JUDGMENT - DEFENDANT AFTRA-SAG FEDERAL**

5       **CREDIT UNION**

6       A.   Legal Standard

7       Summary judgment is appropriate where "the pleadings, the

8   discovery and disclosure materials on file, and any affidavits show

9   that there is no genuine issue as to any material fact and that the

10  movant is entitled to judgment as a matter of law."

11  Fed. R. Civ. P. 56(c).  In determining a motion for summary

12  judgment, all reasonable inferences from the evidence must be drawn

13  in favor of the nonmoving party.  Anderson v. Liberty Lobby, Inc.,

14  477 U.S. 242, 255 (1986).  A genuine issue exists if "the evidence

15  is such that a reasonable jury could return a verdict for the

16  nonmoving party"; and material facts are those "that might affect

17  the outcome of the suit under the governing law."  Id. at 248.

18  However, no genuine issue of fact exists "[w]here the record taken

19  as a whole could not lead a rational trier of fact to find for the

20  non-moving party."  Matsushita Elec. Indus. Co. v. Zenith Radio

21  Corp., 475 U.S. 574, 587 (1986).

22      B.   Discussion

23      Plaintiff is a member of AFTRA-SAG Credit Union, and had two

24  savings accounts there.  (Phelan Decl. ¶ 5.)  On December 12, 2008,

25  AFTRA-SAG received a Notice of Levy from the IRS for an unpaid

26  balance of $13,968.57.  (Id. ¶ 12.)  On December 12, 2008, AFTRA-

27  SAG froze Plaintiff's accounts and withdrew a $25 levy processing

28  fee.  (Id. ¶¶ 12-14.)  After withdrawing the levy, Plaintiff's

7

accounts contained $276.  (Id. ¶ 15.)  On the same day AFTRA-SAG

froze Plaintiff's accounts, it notified her of the levy.  (Id. ¶

14.)  On January 2, 2009, AFTRA-SAG remitted to the IRS the total

amount of $276 in Plaintiff's account.  (Phelan Decl. ¶ 19.)

Under 26 U.S.C. § 6332(a), "any person in possession of (or

obligated with respect to) property or rights to property subject

to levy upon which a levy has been made shall, upon demand of the

[IRS], surrender such property or rights (or discharge such

obligation) to the [IRS]."  Under § 6332(a), AFTRA-SAG was

obligated upon receiving the IRS Notice of Levy to surrender the

funds from Plaintiff's account.  Had AFTRA-SAG refused to do so, it

would have been liable to the IRS for that amount plus a penalty.

See 26 U.S.C. § 6332(d).

An organization which complies with a levy under § 6332(a)

"shall be discharged from any obligation or liability to the

delinquent taxpayer and any other person with respect to such

property or rights to property arising from such surrender or

payment."  26 U.S.C. § 6332(e).  Because AFTRA-SAG complied with

the IRS levy, it is immune from liability to Plaintiff as a matter

of law.  See Farr v. United States, 990 F.2d 451, 456 (9th Cir.

1993).

Plaintiff does not present any facts which dispute existence

of the levy, as described above, and does not otherwise argue or

present any facts independent of this levy as a basis for her

claims.  Like her complaint, Plaintiff's opposition is not entirely

coherent.  However, Plaintiff essentially appears to contest the

authority of AFTRA-SAG to impose a levy fee or remit her money to

1  the IRS.  As noted above, this argument fails because AFTRA-SAG was

2  legally obligated to do so.

3      As there is no genuine dispute of material fact, the Court may

4  enter judgment as a matter of law.  The Court grants AFTRA-SAG's

5  motion for summary judgment.

6

7

8  **IV.  CONCLUSION**

9      For the foregoing reasons, the motion to dismiss and the

10 motion for summary judgment are GRANTED.

11

12

13 IT IS SO ORDERED.

14

15 Dated: July 7, 2009

16                                    DEAN D. PREGERSON

17                                    United States District Judge

18

19

20

21

22

23

24

25

26

27

28